

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. Y. Cunningham
County Auditor
Navarro County
Corsicana, Texas

Dear Sir:

Opinion Number O-2657
Re: Authority to use bond
tax funds in school
districts after obli-
gations have been
fully discharged.

This will acknowledge receipt of your request for
an opinion on the following questions:

"Where there has been voted a bond issue in
a common school district and all bonds are now
retired, but through the collection of delin-
quent taxes there is also being collected taxes
for the interest and sinking fund bond account of
these school districts whose bonds are fully re-
tired, does this money collected on these delin-
quent taxes have to be credited to the interest
and sinking fund bond account, or may it be
credited to the schools local maintenance fund
account?"

"Also when a school district has retired all
their bonds and there is a balance left in the
bond account, may it be transferred to the local
maintenance account, and if so, by what proced-
ure?"

We take up your first question and call your atten-
tion to Article 2787 of Vernon's Annotated Civil Statutes,
wherein the following language is found:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"At the time of the issuance of said bonds
and each year thereafter, so long as any of
said bonds are outstanding, the said court
shall levy a bond tax within the limits here-
in specified, to pay the interest on said bonds
and redeem same at maturity. The rate of such
tax shall be determined by the trustees of the
district and county superintendent and certified
by the county superintendent to the commission-
ers' court and said court shall levy the tax at
said rate until a change is recommended by said
school officers."

We also call to your attention Article 2784, Section
1, wherein it is provided that common school districts are
authorized to levy an ad valorem tax not to exceed one dollar
on the one hundred dollars' valuation of taxable property of
the district for the further maintenance of public free
schools and the erection and equipment of school buildings
therein. Section 2, in substance, provides that common
school districts may levy a tax not to exceed fifty cents
on the one hundred dollars' valuation for the purchase, con-
struction, repair or equipment of public free school build-
ings within the limits of such district, and the purchase of
the necessary sites therefor, such tax to be for the payment
of the current interest on and provide a sinking fund suffi-
cient to pay the principal of bonds which said districts are
authorized to issue for such purposes. Section 3, states —

"The amount of maintenance tax, together with
the amount of bond tax of any district, shall
never exceed one dollar on the one hundred dol-
lars' valuation of taxable property; and if the
rate of bond tax, together with the rate of main-
tenance tax voted in the district shall at any
time exceed one dollar on the one hundred dol-
lars' valuation, such bond tax shall operate to
reduce the maintenance tax to the difference
between the rate of the bond tax and one dollar."

It will be noted that Article 2787 requires that a
sufficient tax shall be levied to pay the interest and to
create a sinking fund so long as any of the bonds are out-
standing and unpaid. Logically it follows that if the bonds

Honorable E. Y. Cunningham, page #3

have been fully paid, and no further obligation is due thereon, that sufficient taxes have been levied over a period of years to pay such bonds, and that if there are outstanding delinquent taxes previously levied for the payment of said bonds, actually, more tax was levied during those years than was necessary to provide for their redemption.

This being true, we think that the conclusion would be sound to state that the delinquent taxes, if and when collected, could legally be credited to the local maintenance fund. As pointed out above, Article 2784, Section 5, provides that should the rate of bond tax, together with the rate of maintenance tax, at any time exceed one dollar on the one hundred dollars' valuation, such bond tax shall operate to reduce the maintenance tax to the difference between the rate of the bond tax and the sum of one dollar. Conversely, if there is an authorized one dollar levy for maintenance purposes, we think that the difference between the rate of bond tax necessary and the one dollar would operate to increase the maintenance tax available for the operation of the school. In other words, such an amount as is not necessary to pay the current interest on and provide a sinking fund sufficient to pay the principal of bonds outstanding would be available for maintenance purposes and could therefore be properly credited to the local maintenance fund.

Obviously, since there are no bonds outstanding, there is no need for an interest and sinking fund and it would become a useless and impractical operation to pursue the collection of delinquent taxes with the object of crediting such as were collected to an interest and sinking fund for which there is no longer any purpose. We have heretofore held it to be the duty of the district to effect the collection of delinquent taxes, whether or not there are bonds outstanding, for the reason that to fail to collect such taxes an inequitable schedule of taxation would result; therefore, in harmony with that conclusion we are of the opinion that taxes heretofore levied should be collected, and that when collected may legally be credited to the local maintenance fund.

Honorable E. Y. Cunningham, page #4

The statutes authorize the levy of one dollar on the one hundred dollars' valuation of property within the district for maintenance of schools and authorize the use of so much of this levy as may be necessary, not exceeding fifty cents on the one hundred dollars' valuation, to service bonded debt. Hence, if a balance remains in the sinking fund after all bonds have been retired we think such funds can properly be transferred to the local maintenance fund. Manifestly, such funds as were allocated to the sinking fund prior to the full payment of the bonds which exceeded the sum necessary to pay the debt, properly should have been retained for local maintenance purposes. Therefore, in answer to your second question, we advise that after all bonds have been retired we think the balance remaining in a sinking fund created for the redemption of bonds issued by a school district pursuant to Articles 2784 and 2787 of Vernon's Annotated Civil Statutes, may legally be transferred to the local maintenance fund upon proper order executed by officers charged with receiving and disbursing funds for the district.

Trusting that we have fully answered your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Clarence E. Crowe
Clarence E. Crowe
Assistant

CEC-s

APPROVED OCT 10, 1940

ATTORNEY GENERAL OF TEXAS

